IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 2 3 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

JAMES HAMPTON,           )
TASHAWN B. HILL and      )
CHARLES McCLELLAND, on   )
behalf of themselves and all others )
similarly situated,      )   Case No.
                         )
         Plaintiffs,     )   1 09-CV-0198
v.                       )
                         )   JURY TRIAL
                         )   DEMANDED
MASTEC NORTH AMERICA, INC., )
                         )
         Defendant.      )

**COMPLAINT FOR UNPAID OVERTIME WAGES, LIQUIDATED DAMAGES, ATTORNEYS' FEES AND COSTS [ 29 U.S.C. § 206, 207, 216 (B)]; AND DEMAND FOR JURY TRIAL**

### I. JURISDICTION

1.   This court has jurisdiction of this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA") (as amended), 29 U.S.C. § 216 (b) and 28 U.S.C. §§ 1331, 1337.

### II. VENUE

2.   Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### III. NATURE OF CASE

3. This action is brought to recover unpaid compensation owed to Plaintiffs and all employees and former employees of Defendant who are similarly situated, pursuant to the FLSA, 29 U.S.C. § 201 et seq.

4. For at least three years prior to the filing of this complaint and continuing presently ("liability period"), Defendant had a policy and practice of consistently requiring their employees, including Plaintiffs, to work without paying them compensation and overtime compensation for work in excess of forty (40) hours per week as required by the FLSA.

5. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation and overtime compensation, an equal amount of liquidated damages and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

### IV. THE PARTIES

6. Plaintiff, **JAMES HAMPTON**, is a resident of Woodstock, Georgia located in Cherokee County. He worked as a satellite service technician for Defendant in its offices in College Park, Georgia from on or about March, 2005 through the present. As a satellite service technician, **JAMES HAMPTON** regularly worked in excess of 40 hours per week, but was not

paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week.

7.  Plaintiff, **TASHAWN B. HILL**, is a resident of Atlanta, Georgia located in Fulton County. He worked as a satellite service technician for Defendant in its offices in College Park, Georgia from on or about March, 2005 through the present. As a satellite service technician, **TASHAWN B. HILL** regularly worked in excess of 40 hours per week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week.

8.  Plaintiff, **CHARLES McCLELLAND**, is a resident of Austell, Georgia located in Cobb County. He worked as a satellite service technician for Defendant in its offices in College Park, Georgia from on or about July, 2007 through May 16, 2008. As a satellite service technician, **CHARLES McCLELLAND** regularly worked in excess of 40 hours per week, but was not paid for all hours worked and received no overtime compensation for hours worked in excess of 40 hours per week.

## V. FACTUAL BACKGROUND

9.  Defendant, **MASTEC NORTH AMERICA, INC**, operates its business in the State of Georgia and throughout the United States. Upon

information and belief, satellite technicians may or may not be regularly scheduled and hours and shifts may vary.

10. Satellite service technicians are and at all times have been, non-exempt employees within the meaning of the FLSA and implementing regulations of the U.S. Department of Labor.

11. During the liability period, Plaintiffs and similarly situated satellite service technicians were paid on an hourly basis and piecework basis.

12. These employees are/ were regularly required to work in excess in forty (40) hours, but were not paid for such work in excess of forty (40) hours per week.

13. These employees were not compensated for all time worked regardless of whether it was in excess of 40 hours per week.

14. Defendant, MASTEC, Inc., did not compensate satellite service technician employees for time worked and overtime work during the liability period.

15. Defendant, MASTEC, Inc., was and is well aware of the regular hours and overtime work hours demanded of its satellite service technician employees.

16. Defendant, MASTEC, Inc. was sued in 2005 in the Middle District of Florida, Tampa Division for similar illegal pay practices alleged in this complaint. Defendant settled the claims prior to trial in the 2005 case.

17. Defendant, MASTEC, Inc., has made it difficult to account with precision for the unpaid wages and overtime worked by its satellite service technician employees during the liability period, because it did not make, keep and preserve the hours worked by such satellite service technician employees, as required for non-exempt employees by 29 U.S.C. § 211 (c).

## VI.     COLLECTIVE ACTION CLAIM

18. In addition to Plaintiffs, numerous satellite service technician employees of Defendant, MASTEC, INC., and former satellite service technician employees are similarly situated to Plaintiffs, in that they have been denied compensated for time worked and overtime compensation while working as satellite service technicians.

19. Plaintiffs are representative of those other satellite technician employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

20. Those similarly situated satellite service technician employees are known to Defendant and are readily identifiable and locatable through

Defendant's records, and they should be noticed of and allowed to opt into this action, pursuant to 29 U.S.C. § 216 (b).

21. Unless the Court promptly issues such notice, persons similarly situated to Plaintiffs, who have been unlawfully deprived of compensation for time worked and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

### VII.   COUNT ONE

22. The allegations in paragraphs 1-14 are incorporated by reference herein. By its actions alleged above, Defendant willfully, knowingly and or recklessly violated the provisions of the FLSA, which require overtime compensation to non-exempt employees, 29 U.S.C. §§ 207 and 211 (c).

23. As a result of the unlawful acts of Defendant, Plaintiffs and all persons similarly situated to them have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such mounts, liquidated damages, attorneys' fees, costs and other compensation.

## VIII.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs and all those similarly situated who join this action pray this Court:

(A)    To authorize the issuance of notice at the earliest possible time to all Defendant's employees who held the position of satellite service technician throughout the United States, during the three years immediately preceding the filing of this action, informing them that this action has been filed and of the nature of the action, and of their right to opt into this lawsuit if the worked during the liability period, but were not paid compensation for time worked and for overtime as required by the FLSA;

(B)    To declare that Defendant, **MASTEC NORTH AMERICA, INC.**, has violated the record keeping provision of the FLSA, 29 U.S.C. § 211(c) as to Plaintiffs and persons similarly situated;

(C)    To declare that Defendant, **MASTEC NORTH AMERICA, INC.**, has violated the wage payment and overtime provisions of the FLSA, 29 U.S.C. § 207, as to the Plaintiffs and persons similarly situated;

(D)    To declare that Defendant's actions were willful;

(E)    To award Plaintiffs and those persons similarly situated damages for the amount of unpaid compensation and overtime compensation subject to proof at trial;

(F)    To award Plaintiffs and those persons similarly situated liquidated damages in an amount equal to the compensation and overtime compensation shown to be owed pursuant to 29 U.S.C. § 216 (b); if liquidated damages are not awarded, then in the alternative, prejudgment interest;

(G)    To make same declarations and awards as prayed for in ¶¶A-F above as to all persons who opt into this action pursuant to 26 U.S.C. § 216 (b);

(H)    To award Plaintiffs and those persons similarly situated reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 (b);

(I)    To award any and all other such relief as this Court may deem appropriate.

## IX. DEMAND FOR JURY TRIAL

Plaintiffs and those similarly situated hereby demand trial of their claims by jury to the extent authorized under the law.

Respectfully Submitted this the 20th day of January, 2009.

*/s/ DM Stephens*
Deirdre M. Stephens, Esq.
Morgan & Morgan, PA
191 Peachtree Street NE, Ste 4200
Atlanta, GA 30303
404-965-8811
djohnson@forthepeople.com

*/s/ Carlos Leach*
Carlos Leach, Esq.
*Seeking Pro Hac Vice Admission*
Morgan & Morgan, PA
20 North Orange Avenue, Suite 1600
Orlando, Florida 32801
cleach@forthepeople.com

Attorneys For Plaintiff